**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

                Plaintiff,

v.

**Case No. 19-3024-01-CR-S-SRB**

**LEE H. NAZARIAN**,

                Defendant.

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves the Court to order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offenses of conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); possession, with intent to distribute, a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and possession, with intent to distribute, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B);

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant poses a serious risk to flee.

## **SUPPORTING SUGGESTIONS**

Subsection 3142(f), 18 U.S.C. provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a crime for which a term of not less than five years and not more than 40 years' imprisonment is possible.

The Government further submits that in light of the Indictment filed in this case, there is probable cause to believe the defendant violated 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). As set forth above, the defendant's statutory sentencing range is currently a term of imprisonment of not less than five years and not more than 40 years.

To further support the Government's contention of the defendant's risk to the safety of the community and to flee, the Government offers that:

1. On or about August 19, 2017, Nazarian possessed diazepam, a controlled substance. On January 3, 2018, the Howell County, Missouri, Prosecutor's Office charged Nazarian with possession of a controlled substance in case number 18AL-CR00016. Nazarian posted bond on January 10, 2018.

2. While released on bond, on or about January 27, 2018, Nazarian pointed a firearm at a victim and demanded that the victim give him his possessions. The victim further stated that after the threats, Nazarian handed the firearm to his accomplice and struck the victim with a baseball bat.

3. While released on bond, on or about March 28, 2018, Nazarian possessed approximately 38.20 grams of methamphetamine and a loaded, Savage Arms brand, .22 caliber, semi-automatic rifle. The following day, the Howell County, Missouri, Prosecutor's Office charged Nazarian with delivery of a controlled substance and unlawful use of a weapon in case number 18AL-CR00340. Nazarian posted bond on April 2, 2018.

4. While released on bond, on or about July 12, 2018, Nazarian possessed approximately 82.96 grams of methamphetamine and a Phoenix Arms brand, .25 caliber, semi-automatic pistol. Both the methamphetamine and firearm were seized from Nazarian's person. The same day, the Howell County, Missouri, Prosecutor's Office charged Nazarian with delivery of a controlled substance and unlawful use of a weapon in case number 18AL-CR00717. Nazarian posted bond on October 16, 2018.

5. While released on bond, on or about November 20, 2018, Nazarian shot a victim using a firearm as he was yelling at him, "You're going to die." The following day, the

Howell County, Missouri, Prosecutor's Office charged Nazarian with assault in the first degree, assault in the second degree, and two counts of armed criminal action in case number 18AL-CR01219. Nazarian posted bond on November 26, 2018.

6. While released on bond, on or about February 1, 2019, Nazarian possessed approximately 46 grams of methamphetamine.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

> Respectfully submitted,
>
> TIMOTHY A. GARRISON
> United States Attorney
>
> By  */s/ Nhan D. Nguyen*
> Nhan D. Nguyen
> Missouri Bar No. 56877
> Assistant United States Attorney
> 901 St. Louis Street, Suite 500
> Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on February 25, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

> */s/ Nhan D. Nguyen*
> Nhan D. Nguyen
> Assistant United States Attorney